# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-882V

| | |
|---|---|
| FRANCES THOMAS,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: March 17, 2025 |

*Kenneth W. Thayer, Brandon Broderick, Attorney – at – Law, Ewing, NJ, for Petitioner.*

*Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for Respondent.*

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On August 10, 2022, Frances Thomas filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration resulting from an influenza vaccine received on September 25, 2019. Petition at 1. On May 8, 2024, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 30.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $17,283.01 (representing $16,355.00 in fees plus $928.01 in costs). Motion for

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Attorneys' Fees and Costs ("Motion") filed August 30, 2024, ECF No. 35. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses. ECF No. 35-1.

Respondent reacted to the motion on September 10, 2024, representing that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Response to Motion at 2-3, ECF No. 36. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a minor reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

**ATTORNEY FEES**

1. **Hourly Rates**

Petitioner requests the rate of $475.00 for all time billed in 2020-23 for her attorney Kenneth W. Thayer. Motion at 6. But this rate exceeds what has previously been awarded to Mr. Thayer for some of that timeframe. Mr. Thayer has previously been awarded the following rates: $410.00 per hour in 2020, and $420.00 per hour for time billed in 2021. *See Falconico v. Sec'y of Health & Hum. Servs.,* No. 17-1510V, 2020 WL 1893547 (Fed. Cl. Spec. Mstr. Mar. 20, 2020); *Hicks v. Sec'y of Health & Hum. Servs.,* No. 19-621V, 2021 WL 1827321 (Fed. Cl. Spec. Mstr. Apr. 5, 2021); *Osborn v. Sec'y of Health & Hum. Servs.,* No. 20-555V, 2021 WL 6502154 (Fed. Cl. Spec. Mstr. Dec. 14, 2021). *See Dorman v. Sec'y of Health & Hum. Servs.,* 19-444V, 2021 WL 3469199 (Fed. Cl. Spec. Mstr. Jul. 6, 2021).

I find no reason to deviate from the previously awarded rates. And I will adjust requested rates for subsequent years to reflect a reasonable increase based on prior determinations - $435.00 per hour for time billed in 2022, and $450.00 per hour for time billed in 2023. For 2024, the requested rate of $475.00 shall be awarded. Application of these rates results in an overall reduction of **$611.46** in fees to be awarded.[3]

2. **Paralegal Tasks at Attorney Rates**

In some instances, counsel has charged attorney rates for tasks considered to be more paralegal in nature. But although Program attorneys may be compensated for paralegal-level work, they may only charge a rate comparable to what would be paid for a paralegal.[4] *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human*

---

[3] These amounts are calculated as follows; ($475 - $410 = $65 x 1.8 hrs = $117) + ($475 - $420 = $55 x 1.7 hrs = $93.50) + ($475 – $435 = $40 x 16.4 hrs - $268.96) + ($475 - $450 = $25 x 5.3 hrs = $132.50).

[4] Tasks considered paralegal are as follows; 07/20/22 "Draft and finalize Cover Sheet"; 08/09/22 "Draft and Finalize Statement of Completion"; 08/10/22 "Petition, Cover Sheet, exhibit Page, and Exhibits filed with the court"; 08/10/22 "Statement of Completion Filed by petitioner"; 02/24/23 "Request for records Rothman PT"; 03/02/23 "Exhibit List Second with Exhibits, filed by Petitioner"; 03/02/23 "First motion for Extension of Time filed by Petitioner"; 04/12/23 "Exhibit List Third with Exhibits, filed by Petitioner"; 02/16/24 "Exhibit List Fourth with Exhibits, filed by Petitioner"; and 02/16/24 "Statement of Completion, filed by Petitioner". ECF No. 35 at 2 – 5.

*Servs.*, 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 Fed. Cl. Spec. Mstr. Dec. 23, 2008), 2010). After application of the reduced paralegal rates, the a**mount of fees to be awarded is reduced by $547.00**.[5]

## ATTORNEY COSTS

Petitioner has provided sufficient supporting documentation for all claimed costs. ECF No. 29-4. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $16,124.55 (representing $15,196.54 in fees plus $928.01 in attorney costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

s/Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[5] This amount is calculated as follows; ($450 - $170 = $280 x 1.3 hrs = $364) + ($475 - $170 = $305 x 0.60 hrs = $183) = $547.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.